MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
LUIS A. GARCIA (CSBN 146876)
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Room 720
Los Angeles, CA 90012-4701
Telephone:  213-894-2681
garcia.luis.a@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie A. Su,<br>    Acting Secretary of Labor,<br>    United States Department of Labor,<br><br>                              Plaintiff,<br><br>        v.<br><br>iCare Health Services LLC a.k.a. iCare Health Services, an Arizona limited liability company; Victoria O. Fabuluje, individually and as a managing agent of the entity defendant; Ayoola F. Akanni, individually and as a managing agent of the entity defendant,<br><br>                              Defendants. | Case No. [Case Number]<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT** |

COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT
Case No. [Case Number]

## INTRODUCTION

Plaintiff JULIE A. SU, Acting Secretary for the U.S. Department of Labor ("the Acting Secretary"), is charged with enforcing the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the Fair Labor Standards Act, of 1938, as amended ("FLSA"), the Acting Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the public interest, including the interests of employers whose ability to compete in compliance with the law is harmed by employers who subsidize their operations by failing to pay their employees an overtime premium at a rate not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours in a workweek.

## NATURE OF THE ACTION

1.     The Acting Secretary brings this case against iCare Health Services LLC a.k.a. iCare Health Services ("iCare"), and Victoria O. Fabuluje and Ayoola F. Akanni, individually, and as the managing agents of iCare ("Defendants") under the FLSA.  Defendants violated the FLSA by failing to pay employees an overtime premium for all hours worked in excess of forty (40) in a week.

2.     Defendants also did not maintain all required records for every covered employee. Specifically, Defendants did not keep total hours worked for each workweek, or the regular hourly pay rate for all covered employees, or date of payment, or the pay period covered by the payment

////

////

COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT
Case No. [Case Number]                                                                 Page 1

3.      Defendants' illegal conduct deprives employees of earned overtime pay. Defendants' actions harm not only their own employees but also law-abiding employers who face unfair competition in the marketplace by Defendants' illegal activity.

4.      The Acting Secretary brings this action under Section 17 of the FLSA, 29 U.S.C. §§ 201, *et seq.*, to enjoin Defendants from violating the provisions of Sections 7, 11(c), and 15(a)(2), (5) of the FLSA, 29 U.S.C. §§ 207, 211(c), 215(a)(2), (5).

5.      The Acting Secretary also brings this action under Section 16(c) of the FLSA, 29 U.S.C. § 216(c), to recover unpaid overtime wages owed under the FLSA, beginning March 13, 2021 through February 21, 2024, to Defendants' employees, including those listed by name on the attached Exhibit A to this Complaint, together with an equal amount as liquidated damages. The Acting Secretary will update the employees listed on Exhibit A, as she identifies additional employees that are due wages as described herein.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action under Section 16 of the FLSA, 29 U.S.C. § 216. This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as plaintiff).

7.      Venue lies in the United States District Court, District of Arizona, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims in this enforcement action occurred within this District.

## DEFENDANTS ARE EMPLOYERS UNDER THE FLSA

### Defendant iCare Health Services LLC

////

8.      Defendant iCare is an Arizona limited liability company with a principal address at 2530 E. Indian School Road, Phoenix, Arizona 85016, and with additional locations in Avondale, Tucson, and Flagstaff.  Defendant iCare is a health care service provider. Defendant iCare offers day programs, group homes and residential services to individuals. Defendant iCare employs workers, including the employees named in Exhibit A, to provide health care services to Defendant iCare's customers in Arizona.

9.      At all times relevant, Defendant iCare is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

### Defendant Victoria O. Fabuluje

10.     Defendant Victoria O. Fabuluje ("Fabuluje"), an individual, who upon information and belief resides in Phoenix, Arizona. She is the managing agent, Chief Executive Officer, Chief Financial Officer, and co-owner of iCare.

11.     At all times relevant, Defendant Fabuluje acted directly and indirectly in the interests of Defendant iCare in relation to their employees, including by determining employment practices, including hiring, firing, supervising, directing, and disciplining employees, setting and negotiating wages and pay practices.

12.     At all relevant times, Defendant Fabuluje is responsible for major financial decisions at Defendant iCare and oversees the day-to-day operations of the business.  Defendant Fabuluje has the authority to hire and fire workers at iCare. Defendant Fabuluje's responsibilities include directing employee pay such as straight time rates of pay for overtime hours worked, entering into contracts and contract modifications affecting employee scheduling, and employee supervision.

13.     Defendant Fabuluje is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages, and liquidated, compensatory, and punitive damages owed to employees of Defendants, including employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

14.     The claims against Defendant Fabuluje in this case arise out of and are directly related to her business activities in the jurisdiction of this Court.

### Defendant Ayoola F. Akanni

15.     Defendant Ayoola F. Akanni ("Akanni"), an individual, who upon information and belief resides in Phoenix, Arizona.  He is a managing agent and co-owner of iCare.

16.     At all times relevant, Defendant Akanni acted directly and indirectly in the interests of Defendant iCare in relation to their employees, including by determining employment practices.

17.     At all relevant times, Defendant Akanni is responsible for major financial decisions at Defendant iCare.  Defendant Akanni has the authority to hire and fire workers at iCare.  Defendant Akanni's responsibilities include directing employee pay such as straight time rates of pay for overtime hours worked, entering into contracts and contract modifications affecting employee scheduling, and employee supervision.

18.     Defendant Akanni is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages, and liquidated, compensatory, and punitive damages owed to employees of Defendants, including employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

19.     The claims against Defendant Akanni in this case arise out of and are directly related to his business activities in the jurisdiction of this Court.

**Defendants are an Enterprise Covered by the FLSA**

20.    At all times relevant Defendants Fabuluje and Akanni owned, operated, and controlled Defendant iCare for the common business purpose of providing health care services to clients in Arizona. As a result, Defendants are and have been an "enterprise," as defined in FLSA § 3(r) of the FLSA, 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

21.    At all relevant times, two or more employees of Defendants have regularly and routinely handled or otherwise worked on goods or materials that have been moved in or produced for commerce and used in or are related to the performance of the health care service provided to its clients in Arizona.

22.    At all relevant times, Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

23.    As a result, Defendants' employees are and at all times relevant have been employees in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

**Defendants' Employment Practices**

24.    Defendants regularly employ employees at its facilities in Arizona to work over 40 hours in a workweek.

25.    Defendants failed to pay an overtime premium to their hourly employees for all hours worked in excess of forty (40) a workweek.  Instead, Defendants paid employees who work over forty (40) hours in a week at their straight time hourly rate of pay without including a half-time overtime premium.

26.    At times, Defendants paid bonuses to their employees.  Defendants did not include the bonus in the employees' hourly rate.

////

27. Defendants failed to make, keep, and preserve adequate and accurate records of employees' hours and wages. In workweeks where employees were paid solely hourly, records of their hours worked were not properly kept.

## CLAIMS FOR RELIEF

### First Claim for Relief

### Overtime

28. The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

29. Defendants willfully violated the provisions of Sections 7, and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by failing to pay its employees who were employed by an enterprise engaged in commerce or in the production of goods for commerce, and who personally engaged in commerce or in the production of goods for commerce, overtime wages for their employment in excess of forty (40) hours in a workweek at a rate of one-and-a-half times the employee's regular rate.

30. At all relevant times, Defendants have willfully violated Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed workers without properly compensating them.

### Second Claim for Relief

### Recordkeeping Violations

31. The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

32. Defendants have violated Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to the Acting Secretary's agents for inspection, transcription, and/or copying),and preserve accurate records of all employees and of the wages, hours, and other

conditions and practices of employment maintained, as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found at 29 C.F.R. part 516.

33.    Defendants did not maintain all required records for every covered employee. Defendants did not keep the following records: total hours worked each workweek;  regular hourly pay rate for all covered employees;  date of payment and the pay period covered by the payment; and employee address including zip code.

34     At all relevant times, Defendants have willfully violated Section 11(c) of the FLSA, 29 U.S.C. §§ 211(c). Defendants knew of should have known of the FLSA's recordkeeping requirements, and continued to create and maintain inaccurate, incomplete, and/or falsified records of employees' hours worked, and wages paid.

**PRAYER FOR RELIEF**

**WHEREFORE**, good cause having been shown, the Acting Secretary prays for judgment against Defendants as follows:

A.    For an Order: Under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the FLSA including: Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2); and Sections 11(c), 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5).

B.    For an Order:

1. Under Section 16(c) of the FLSA, 29 U.S.C. § 216(c) finding Defendants liable for all wages due, including and overtime, beginning on March 13, 2021, to all Defendants' employees including the employees listed in attached Exhibit A and other

employees not presently known to the Acting Secretary, and an additional equal amount as liquidated damages; or

2. In the event liquidated damages are not awarded, under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found to be due from at least March 13, 2021, to Defendants' employees, and pre-judgment interest at an appropriate interest rate;

C. For an Order awarding the Acting Secretary the costs of this action; and

D. For an Order awarding the Acting Secretary any other relief that the Court deems necessary and appropriate.

Dated: January 6, 2025

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and hour

 /s/ Luis A Garcia
LUIS A. GARCIA
Senior Trial Attorney
*Attorneys for the Julie A. Su, Acting Secretary, U.S. Department of Labor*

**EXHIBIT A**

| First Name | Last Name |
| --- | --- |
| Meesha E. | Aguilar |
| Manot | Akot |
| Kayode H. | Alaka |
| Kofi G. | Amankwah |
| Olivia | Amankwah |
| Sopuru P. | Anyanwu |
| Ange N. | Arakaza |
| Nura | Ata |
| Muhugura | Bafunyempaka |
| Meagan | Banuet |
| Mary B. | Besong |
| Cynde R. | Bluder |
| Guiatango | Bonsa |
| Aida | Bouraima |
| Tessa | Brock |
| Ashley | Brown |
| Amber | Clark |
| Audrey | Clark |
| Monique R. | Cota |
| Dennyse | Cruz |
| Diana L. | Diaz |
| Helena D. | Doebah |
| Sara | Donnell |
| Michelle E. | Dougharty, |

COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE
FAIR LABOR STANDARDS ACT
Case No. [Case Number]                                                                                    Page 9

| | |
|---|---|
| Nizigiyimana | Ernest |
| Mwetaminina | Espoir |
| Moses E | Falaiye |
| Zareen | Farao |
| Moses | Faye |
| Valerie L. | Federico |
| Mireya Y. | Fierro |
| Rudatinya | Gasirimu |
| Valerie | Girico |
| Christopher | Gonzales |
| Brenda E | Gradillas |
| Rose | Gradillas |
| Tricia A. | Gradillas |
| Yegile | Hailu |
| Alize | Harper |
| Zillier V. | Harris |
| Stephanie | Houltzhouser |
| Florence | Ingabire |
| Alice N. | Irakoze |
| Mack | Ishimwe |
| Nizigiyimana | Jerard |
| Elodia G. | Juarez |
| Severine | Kazuba |
| Sutton | Kennell |
| Mikiyas | Leta |
| Isabelle G. | Limon |
| Anna M. | Lopez |

COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE
FAIR LABOR STANDARDS ACT
Case No. [Case Number]                                                                 Page 10

| Kofoworola | Lowo |
|---|---|
| Salama M. | Lupandu |
| Jermeise N. | Maclin |
| Sandra | Mazariegos-Head |
| Amanda J. | Mcclellan |
| Dantae | Miranda |
| Eric | Mutware |
| Emile | Muzaliwa |
| Rukundo | Ndayiringiye |
| De'Syre | Neighbors |
| Maria | Nicolas |
| Kelly | Noria-Aguirre |
| Aunali M. | Noriega |
| Gloire | Nshuti |
| Gloria N. | Okoye |
| Henry O. | Olaitan |
| Angela L. | Ortega |
| DeAnna N. | Palma |
| Isela M. | Quintanar |
| Terrell R. | Reese |
| Maria A. | Rivas |
| Savannaha | Rivers |
| Amelia L. | Roman |
| Josephine M. | Romero |
| Christina A. | Romo |
| Epiphanie | Salima |

| Shekina | Salima |
|---|---|
| Meks | Samuel |
| Lisa E. | Sanders |
| Gabriella | Serrano |
| Alina N. | Soltero |
| Bosede E. | Starkweather |
| Cassandra | Stewart |
| Robbi R. | Talkkalai |
| Mathias A. | Tambe Ebot |
| Korshanae C. | Tanner |
| Davis O. | Uto |
| Marlene | Valenzuela |

COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE
FAIR LABOR STANDARDS ACT